# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SYLVESTER WAYNE WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>DEPARTMENT OF VETERANS AFFAIRS, JULIE LAVERDIERE, MERCEDES DASHEFSKY, MARIPAT CORR,<br><br>　　　　　　　　　Defendants. | CASE NO. 10CV1254-LAB (NLS)<br><br>**ORDER VACATING HEARING ON MOTION TO DISMISS ; AND**<br><br>**ORDER REQUIRING RESPONSE TO MOTION TO DISMISS** |
|---|---|

This case was originally filed in state court, but on June 11, 2010, Defendants removed it. Plaintiff is suing the Department of Veterans Affairs and several federal employees for medical malpractice. On August 6, 2010, Defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), for failure to exhaust administrative remedies as required under the Federal Tort Claims Act. A hearing on this motion is currently on calendar for Monday, September 27, 2010 at 11:15 a.m. Under Civil Local Rule 7.1(d)(2), Plaintiff's opposition was due 14 calendar days before the hearing, that is, September 13.

Instead of filing an opposition as required, Plaintiff on September 20 submitted an unsigned document for filing. The document identified itself as "EVIDENCE TO SUPPORT MOTION BY CIVILIAN PLAINTIFF, SYLVESTER W. WILLIAMS, TO CONTINUE

PLAINTIFF'S COMPLAINT."

That document says Plaintiff's complaint is true, and that the attached exhibits support it. It asks the Court to allow Plaintiff's case to proceed to jury trial, but does not address any of the arguments in the motion to dismiss. The Court construes the document Plaintiff submitted for filing as an attempt to oppose the motion to dismiss. It is being rejected for filing by a separate discrepancy order. For several reasons, the document Plaintiff submitted is not acceptable as an opposition to the motion to dismiss.

First, the document is unsigned. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.")

Second, it was submitted late, on the same day Defendants' reply to Plaintiff's opposition would have been due under Civil Local Rule 7.1(d)(3). This effectively prevented Defendants from filing a timely reply.

Third the submitted document doesn't address the arguments raised in the motion to dismiss. Instead, Plaintiff is apparently asking the Court to review the evidence and make his arguments for him. While the Court liberally construes the pleadings of *pro se* litigants such as Plaintiff, *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), it is not the Court's role to serve as an attorney for either litigant, and the Court will not comb through the papers Plaintiff has submitted and create arguments for him. *Jacobsen v. Filler*, 790 F.2d 1362, 1364–66 (9th Cir. 1986) (holding that the court must remain a "referee" in the adversarial process, and cannot serve as legal counsel for a party, even if that party is a *pro se* litigant). *See also Cendali v. Trex Enterprises Corp.*, 2008 WL 595081 (S.D.Cal., Feb. 29, 2008) (explaining that the court would not review documents submitted by a plaintiff and create arguments for him). The fact that Plaintiff is representing himself and may not understand the law well does not excuse him from following the same rules that apply to all other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

/ / /

Finally, the evidence submitted is unrelated to the motion. Of the exhibits Plaintiff

offered for filing, only one possibly relates to exhaustion of his administrative remedies. That exhibit is a Department of Veterans Affairs form identified as "Statement in Support of Claim," and bears the date February 28, 2003. That claim complains of skin tabs, swelling of joints, growths on Plaintiff's bones, scabs on his back, lumps on his spine, difficulty walking and handling objects, weakness in his limbs, generalized constant pain, pain and numbness in his right leg, difficulty sleeping, and tumors in his back. The complaint in this case, however, alleges failure to treat diabetes and high blood glucose. So it is not at all clear this document would help show that Plaintiff exhausted his administrative remedies for this claim.

Because the motion to dismiss is unopposed, the hearing set for Monday, September 27, 2010 is **VACATED**. No appearances will be required in this matter on that date. Plaintiff must read the motion to dismiss and, no later than the close of business on **Monday, October 18, 2010**, file an opposition to the motion to dismiss. If he files an opposition, Defendants may file a reply no later than seven calendar days after the opposition is filed in the docket.

If Plaintiff files an opposition, the Court may re-set a hearing if appropriate, but otherwise the motion to dismiss will be submitted on the papers. **If Plaintiff does not file an opposition within the time permitted, his complaint will be dismissed without prejudice for failure to exhaust his administrative remedies.**

**IT IS SO ORDERED**.

DATED: September 21, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge