# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER WAYNE WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>DEPARTMENT OF VETERANS AFFAIRS, JULIE LAVERDIERE, MERCEDES DASHEFSKY, MARIPAT CORR,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10CV1254-LAB (NLS)<br><br>**ORDER OF DISMISSAL** |

On August 6, 2010, Defendants filed a motion to dismiss for failure to exhaust administrative remedies. Plaintiff Sylvester Williams did not file a timely opposition, so on September 27, the Court issued an order ("Order Requiring Opposition") vacating the upcoming hearing and ordering Williams to file an opposition to the motion to dismiss. The same day the Court by discrepancy order rejected Williams' attempted filing of a document styled "Evidence to Support Motion by Civilian Plaintiff" and attaching dozens of pages of documents Plaintiff wished the Court to receive as evidence.

In its Order Requiring Opposition, the Court told Williams it could not and would not attempt to read through his evidence and create arguments for him, and ordered him to file an opposition to the motion to dismiss no later than the close of business on Monday,

/ / /

October 18, 2010. The order specifically warned Williams if he didn't do so, his complaint would be dismissed without prejudice for failure to exhaust his administrative remedies.

Instead of obeying the Court's order, Williams again submitted documentary evidence with the Court, attaching it to a document styled "Motion to Continue Plaintiff's Complaint." This document used "continue" to mean "continue adjudicating," and urged the Court to move faster. It did not request an extension of time. Because Williams didn't attempt to file any opposition, this was accepted as his opposition to the motion to dismiss.

The "Motion to Continue Plaintiff's Complaint" consists of two pages complaining of delays in adjudication, and attaches multiple exhibits. The "notice" itself contains no arguments opposing the motion to dismiss. Because Williams didn't adequately oppose the motion to dismiss, this action will be dismissed as discussed in the Court's Order Requiring Opposition.

As the Court noted in its Order Requiring Opposition, it cannot create Williams' arguments for him. Nevertheless, the Court has reviewed the exhibits to confirm that he could not adequately oppose the motion to dismiss if given a third opportunity. Most of these are medical records attempting to substantiate Williams' claims that he is suffering from health problems, and have no bearing on whether his claims were administratively exhausted.

The only exhibit relating in any way to administrative exhaustion is a document from the Department of Veterans Affairs regarding Williams' disability rating. It denies his new claim for benefits, finding no connection between his military service and multiple myeloma, non-Hodgkins' lymphoma, spina bifida, and soft tissue sarcoma. But in this case Williams isn't complaining about this benefits decision. Rather, he is suing Defendants for medical malpractice, alleging "Doctors knew of my high glucose/diabetes and did not inform me of it or treat it, which led to a life threatening situation." In short, Williams has neither argued no provided documents suggesting he exhausted his claims.

As the motion to dismiss points out, the Federal Tort Claims Act provides a limited waiver of sovereign immunity that allows a party to sue the United States, and its employees

acting within the scope of their employment, for certain common law torts. *See United States v. Smith*, 499 U.S. 160, 163 and n.3 (1991). The Court's jurisdiction to entertain such claims is limited by the terms of the FTCA. *Warren v. U.S. Dep't of Interior*, 724 F.2d 776, 777–78 (9th Cir. 1984). One of the FTCA's requirements is that a prospective claimant must file an administrative claim with the agency whose employees allegedly injured the claimant. 28 U.S.C. § 2675; *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) ("Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction.")

As the party invoking the Court's jurisdiction, Williams bears the burden of pleading facts to support the Court's exercise of jurisdiction. *McNutt v. Gen'l Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Because he did not do this even when ordered to do so, and has not shown he could do so even if given another opportunity, the motion to dismiss is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: October 20, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge